NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> JOSE MANUEL MENDOZA, <br><br> Defendant - Appellant. | No. 25-3558 <br><br> D.C. No. 3:13-cr-00358-BTM-2 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Submitted April 22, 2026[**]
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and SCARSI, District
Judge.[***]

In 2013, Jose Manuel Mendoza, a citizen of Mexico, pleaded guilty to

falsely claiming United States citizenship, in violation of 18 U.S.C. § 911, and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Mark C. Scarsi, United States District Judge for the
Central District of California, sitting by designation.

making false statements in a passport application, in violation of 18 U.S.C. § 1542. He was sentenced to 31 days of imprisonment. In 2024, he filed a petition for a writ of error coram nobis seeking to vacate his convictions. Mendoza argued that he was denied effective assistance of counsel because his counsel did not advise him that his guilty plea would result in a lifetime bar to immigration to the United States. The district court denied the petition. Mendoza appeals. We have jurisdiction under 28 U.S.C § 1291, and we review de novo a denial of a writ of error coram nobis. *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007). We affirm.

"Coram nobis is an 'extraordinary remedy' available 'only under circumstances compelling such action to achieve justice.'" *United States v. Kroytor*, 977 F.3d 957, 961 (9th Cir. 2020) (quoting *United States v. Morgan*, 346 U.S. 502, 511 (1954)). It is available only when the petitioner can show, among other things, "an error of the most fundamental character." *Cervantes-Torres v. United States*, 169 F.4th 868, 873 (9th Cir. 2026).

To obtain coram nobis relief premised on a claim of ineffective assistance of counsel, a defendant must show not only "that counsel's performance was deficient" but also "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant can "demonstrate prejudice by showing 'a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different.'" *Lee v. United States*, 582 U.S. 357, 364 (2017) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000)). When the claim of ineffectiveness is based on counsel's failure to advise the defendant about the immigration consequences of a guilty plea, demonstrating prejudice requires the defendant to provide "evidence contemporaneous to the guilty plea," including "evidence of how important immigration consequences were to the defendant at the time he pleaded guilty." *United States v. Rodriguez*, 49 F.4th 1205, 1214 (9th Cir. 2022).

Assuming that Mendoza's counsel's performance was deficient, Mendoza has not established prejudice. To show prejudice, Mendoza needed to "demonstrate that absent his attorney's incompetence," he would "'rational[ly]' have 'reject[ed] the plea bargain' and would . . . 'have gone to trial.'" *Rodriguez*, 49 F.4th at 1213 (alterations in original) (quoting *United States v. Rodriguez-Vega*, 797 F.3d 781, 788 (9th Cir. 2015)). Although he asserts otherwise in his brief, Mendoza provides no evidence that, but for counsel's errors, he would have opted for trial. Because he did not do so, the district court correctly denied his petition for coram nobis relief.

**AFFIRMED.**